# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | |
|---|---|
| TERESA M. ARNETT, SHARLEEN PELZL, JAMES O. SMITH, AND RPOA TEXAS OUTREACH, INC., <br><br> Plaintiffs, <br><br> v. <br><br> FRANK DENTON, Chairman of Commissioners of the Texas Department of Licensing and Regulation, in his official capacity and STATE OF TEXAS, <br><br> Defendants. | Case No. 1:12-CV-913-LY |

## AMENDED UNOPPOSED MOTION OF THE HUMANE SOCIETY OF THE UNITED STATES AND THE TEXAS HUMANE LEGISLATION NETWORK FOR LEAVE TO FILE A BRIEF ON PLAINTIFF'S MOTION FOR A TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION AS *AMICI CURIAE*

TO THE HONORABLE JAMES R. NOWLIN, UNITED STATES DISTRICT JUDGE**:**

The Humane Society of the United States and the Texas Humane Legislation Network (the "***Movants***") hereby file this Amended Motion,[1] which respectfully requests that they be permitted as *amici curiae* to file the proposed brief attached hereto as Exhibit A (the "***Proposed Amici Brief***"), which addresses the legal issues implicated by the *Motion for Temporary Restraining Order, Preliminary Injunction and Permanent Injunction* filed by Plaintiffs in this lawsuit on October 5, 2012 at Docket No. 5 (the "***TRO Motion***"). The Movants have an important interest in the issues at stake in this lawsuit and the TRO Motion due to their historic advocacy on behalf of animals in breeding facilities and their role in the passage of the statute that plaintiffs are challenging. The Movants believe their specialized knowledge and experience

---

[1] This Motion is being amended to note that it is not opposed by the parties in this lawsuit.

**AMENDED UNOPPOSED MOTION OF THE HUMANE SOCIETY OF THE UNITED STATES AND THE TEXAS HUMANE LEGISLATION NETWORK FOR LEAVE TO FILE A BRIEF ON PLAINTIFF'S TRO MOTION AS *AMICI CURIAE*** Page 1

can assist the Court and therefore seek leave to file a brief as *amici curiae* on the issues of law implicated by the TRO Motion. This Motion is not opposed by any of the parties in this lawsuit.

## BACKGROUND

### I. History of this Case

Plaintiffs in this lawsuit allege that the Texas Dog or Cat Breeders Act, 82d Leg., R.S., ch. 1284, § 1, 2011 Tex. Gen. Laws 3583, codified at TEX. OCC. CODE § 802.001 *et seq*. (the "***Act***") and various regulations promulgated thereunder (the "***Rules***") by the Texas Commission of Licensing and Regulation (the "***Commission***") as enforced by the Texas Department of Licensing and Regulation (collectively with the Commission, "***TDLR***") violate various provisions of the United States Constitution and the Texas Constitution. *Second Amended Complaint* at ¶¶ 22-29, filed October 31, 2012, Docket No. 10 (the "***Complaint***").[2]

Broadly speaking, the Act and the Rules provide for "the creation of a regulatory scheme on the breeders of certain dogs and cats within the State of Texas." *Id*. at ¶ 11. The Texas Legislature passed the Act and the Governor of Texas signed it in 2011. The TDLR then approved the Rules in March 2012. *Id*. at ¶ 13. The Act and the Rules thereunder went into effect on September 1, 2012. *Id*. at ¶ 11.

One month after the Act and the Rules went into effect, this lawsuit was commenced.[3] Shortly after commencing this lawsuit, Plaintiffs filed the TRO Motion, which requests that the Court issue orders enjoining the State of Texas and the TDLR from "taking any action to enforce either the Act or the Rules" prior to a full trial on the merits. *TRO Motion* at ¶ 13. No such trial

---

[2] Plaintiffs' Second Amended Complaint for Declaratory Relief at ¶¶ 22-29, *Arnett v. Denton*, No. 1:12-cv-913-JRN (W.D. Tex. Oct. 31, 2012).

[3] *See* Plaintiff's [sic] Original Complaint for Declaratory Relief and Request for Temporary Restraining Order, Preliminary Injunction, and Permanent Injunction, *Arnett v. Denton*, No. 1:12-cv-913-JRN (W.D. Tex. Oct. 1, 2012).

has been scheduled. On November 1, 2012, the Defendants filed a motion to dismiss the lawsuit and an objection to the TRO Motion, at Docket Nos. 11 and 13, respectively.[4]

## II. Interests of the Amici

The Texas Humane Legislation Network ("THLN") is a statewide organization that was established in 1975. Since that time, THLN's volunteers have been devoted to promoting the enactment and enforcement of laws to protect animals from neglect and abuse in the State of Texas. In the 2011 regular session of the Texas Legislature, THLN was actively involved if not instrumental in the drafting of the Texas Dog or Cat Breeders Act as well as advocating for its passage through its thousands of members throughout the state.

The Humane Society of the United States ("HSUS") was established in 1954 and is the largest animal protection organization in the country, with over 11 million members and supporters. HSUS's mission is to protect animals through legislation, litigation, investigation, education, science, advocacy, and field work. HSUS has been at the forefront of efforts to improve conditions for animals in breeding facilities, both in Texas and throughout the country. HSUS also devotes investigative resources to exposing the cruelty involved in certain aspects of dog and cat breeding, and works with law enforcement to prosecute cases of cruelty to animals in such facilities.

HSUS has served as *amicus curiae* in other cases involving challenges to animal protection legislation, including cases challenging laws regulating commercial breeding facilities. For example, after Pennsylvania passed a law in 2008 requiring improved standards for dogs in breeding facilities, breeders challenged the law on grounds not unlike those raised by Plaintiffs here. *See Prof'l Dog Breeders Advisory Council, Inc. v. Wolff*, No. 1:09-cv-258-SHR,

---

[4] Defendants' Motion to Dismiss, *Arnett v. Denton*, No. 1:12-cv-913-JRN (W.D. Tex. Nov. 1, 2012); Defendants' Response to Motion for Preliminary Injunction, *Arnett v. Denton*, No. 1:12-cv-913-LY (W.D. Tex. Oct. 1, 2012).

2009 WL 2948527 (M.D. Pa. Sept. 11, 2009). The court upheld all key aspects of the statute. *Id.*

III. **The Act**

A broad description of the Act's purposes and provisions may be helpful. The legislative sponsors of the Act were concerned that commercial breeding facilities often "do not provide adequate and humane care for the animals they are breeding, many times failing to keep animals properly sheltered or to provide adequate veterinary attention."[5] Indeed, prior to the enactment of the Act, there was "little to no regulation requiring these facilities to provide a minimum standard of care for these animals."[6]

The Act simply requires "the licensing and regulation of dog and cat breeders," and does not "prohibit[] or hinder[] the breeding or the selling of dogs and cats."[7] The Act defines "dog or cat breeder" as

> a person who possesses 11 or more adult intact female animals and is engaged in the business of breeding those animals for direct or indirect sale or for exchange in return for consideration and who sells or exchanges, or offers to sell or exchange, not fewer than 20 animals in a calendar year.

TEX. OCC. CODE § 802.002(8). "Intact" females are unspayed and capable of reproduction. *Id.* § 802.002(11).

The breeding of dogs for racing or hunting or agricultural purposes is generally exempt from the Act. *Id.* §§ 802.003 & 802.005. Further, a person who does have 11 or more unspayed females and is engaged in the breeding business can avoid regulation by rebutting the presumption that the females are used for breeding purposes. *Id.* § 802.004.

---

[5] House Committee on Licensing & Administrative Procedures, *C.S.H.B. 1451—Bill Analysis* at 1 (Tex. 2011), *available at* www.legis.state.tx.us/tlodocs/82R/analysis/pdf/HB01451H.pdf.
[6] *Id*.
[7] *Id*.

The Act authorizes the Commission to promulgate the Rules under the Act and calls for the TDLR to enforce the Act and the Rules. *Id*. § 802.051. The TDLR can charge fees to licensed breeders and hire personnel and pay for other expenses needed to enforce theAct. *Id*. §§ 802.052-054. The TDLR collects and in some instances disseminates information on licensees, inspectors, and consumer information. *Id*. §§ 802.055-058. The TDLR must inspect licensed breeding facilities once every 18 months and investigate reported violations, and may contract with third-party inspectors to do so. *Id*. §§ 802.060-063.[8]

Dog and cat breeders must be licensed after an application and inspection process. *Id*. §§ 802.101-104. License holders can renew their license, and the TDLR may revoke or suspend a license. *Id*. §§ 802.106-107. Licensees must maintain records. *Id*. §§ 802.153-154. They must also conform to the standards of care adopted by the Commission with the assistance of an advisory board, which is comprised of a diverse group of interested citizens. *Id*. §§ 802.065 & 802.201.

The Act also sets a floor for basic standards of care. Licensees must comply with federal regulations promulgated pursuant to the federal Animal Welfare Act. *Id*. § 802.201(b)(1). Dogs must be provided with regular exercise. *Id*. § 802.201(b)(2). Licensees cannot breed animals too frequently, and must ensure that their animals are groomed and that their facilities are sanitary. *Id*. § 802.201(b)(3)-(4). Cages must be safe and clean, and can no longer be stacked more than three high, or stacked in any fashion that permits animal waste to drip from cage to cage. *Id*. § 802.201(b)(5)-(7). Regular veterinary examinations are required, as are preventative care measures, and only veterinarians can euthanize animals. *Id*. § 802.201(b)(8)-(11). Breeders and their employees must be trained and cannot sell animals that are less than eight weeks old. *Id*. § 802.201(b)(12)-(13).

---

[8] It does not appear that the TDLR has contracted with any third-party inspectors.

The TDLR may issue its standard administrative penalties to enforce the Act and the Rules. *Id*. § 802.251.

### RELIEF REQUESTED

The Movants respectfully request that the Court permit them to file the Proposed Amici Brief, which addresses the legal issues and claims implicated by the Plaintiff's TRO Motion.

This Court has inherent authority to permit the Movants to file briefs on legal issues as *amici curiae*. "No statute, rule, or controlling case defines a federal district court's power to grant leave to file an *amicus* brief[.]" *United States v. Olis*, No. H-07-3295, 2008 WL 620520 (S.D. Tex. Mar. 3, 2008). "The extent to which the court permits *amicus* briefing lies solely within the court's discretion." *Id*. (citing *Waste Mgmt. of Penn. V. City of York*, 162 F.R.D. 34, 36-37 (M.D. Pa. 1995)).

"Factors relevant to the determination include whether the proffered information is 'timely and useful' or otherwise necessary to the administration of justice." *Id*. The Movants' request to participate as *amici* satisfies these concerns. First, this information will be timely. This lawsuit is presently in its early stages and therefore allowing the Movants to file *amici* briefs shall not cause surprise or other prejudice to any of the parties and will leave ample time for the Court to consider the Movants' briefings, if it so desires.

Second, the Proposed Amici Brief may help facilitate the administration of justice. The Movants have minded the proper limits on the role of *amici curiae*. The Fifth Circuit has stated that the "role as *amicus curiae* is limited to advising this Court on issues of law[.]" *In re Hunt*, 754 F.2d 1290, 1294 (5th Cir. 1985).

> *Amici curiae* perform a valuable role for the judiciary precisely because they are nonparties who often have different perspective from the principal litigants; *amicus curiae* presentations assist the court by broadening its perspective on the issues raised, and facilitate informed judicial consideration of a wide variety of

> information and points of view. An *amicus curiae* is one who assists the court by way of offering information and legal argument. The usual rationale for *amicus curiae* submissions is that they are of aid to the court and offer insights not available from the parties, and help the court with points of law.

4 AM.JUR.2d, *Amicus Curiae* § 1 (2012).

The Proposed Amici Brief focuses on broadening the Court's prospective and facilitating its informed consideration.

> An *amicus* can assist the court by (1) providing adversarial presentations when neither side is represented, (2) providing an adversarial presentation when only one point of view is represented, (3) supplementing the efforts of counsel even when both sides are represented, and (4) drawing the court's attention to broader legal or policy implications that might otherwise escape the court's consideration.

*Id*. The Movants believe that they are particularly well-suited to proffer assistance in this fourth role—drawing attention to broader legal and policy implications implicated by this lawsuit. As the Proposed Amici Brief shows, the Movants have extensive knowledge and background with regard to both the Act and the Rules themselves, and with similar laws in other jurisdictions, and with regard to the dog and cat breeding practices and concerns that led to the enactment of these measures. The Movants were involved in the passage of the statute at issue here, and have acted as *amici* in other lawsuits making similar challenges to laws regulating breeding facilities.

HSUS has been routinely permitted to participate as *amici* or intervenors in numerous other challenges in federal courts to the constitutionality of similar animal welfare legislation enacted by other States. Recent examples of such decisions are:

- Order Granting Motion by the Human[e] Society of the United States for Leave to Intervene, *Cramer v. Brown*, No. 2:12-CV-03130-JFW-JEM (C.D. Cal. June 4, 2012) (granting motion of the Humane Society of the United States to intervene in a constitutional challenge to California animal cruelty legislation);

- Order Granting Motion to File Memorandum as Amicus Curiae, *NAIA Trust v. Volusia County, Fla.* No. 6:09-cv-340-KRS (M.D. Fla. Aug. 5, 2010) (granting motion of the Humane Society of the United States to participate as

> *amicus curiae* brief in a constitutional challenge to county ordinances pertaining to animal control and breeding licensing and requirements); and

- Order, *Prof'l Dog Breeders Advisory Council, Inc. v. Wollf*, No. 1:09-cv-258-SHR (M.D. Pa. April 6, 2009) (granting motion of, among others, the Humane Society of the United States and the American Society for the Prevention of Cruelty to Animals to participate as *amici curiae* in a constitutional challenges to Pennsylvania legislation regulating commercial dog breeding).

These decisions show that there is ample precedent for the Movants be permitted to file the Proposed Amici Brief. Further, these decisions show that the Movants are well-suited to serve as *amici curiae*—their participation in similar cases across our nation and their wealth of experience with animal welfare issues and resulting laws and regulation has provided them with specialized knowledge and unique perspectives that could assist this Court in the course of this lawsuit.

WHEREFORE, PREMISES CONSIDERED, the Movants respectfully request that this Court grant the Movants leave to file the Proposed Amici Brief with regards to the TRO Motion and grant Movants such other relief as to which they may be justly entitled.

Respectfully submitted December 3, 2012.

**HUNTON & WILLIAMS LLP**

/s/ *Jesse T. Moore*
Stephen S. Maris
Texas Bar No. 12986400
Jesse T. Moore
Texas Bar No. 24056001
Hunton & Williams LLP
111 Congress Ave., Suite 510
Austin, TX 78701
Telephone: 512-542-5053
Facsimile: 512-542-5049
Email: smaris@hunton.com
jtmoore@hunton.com

*Attorneys for the Humane Society of the United States and the Texas Humane Legislation Network*

## CERTIFICATE OF SERVICE

I hereby certify that on December 3, 2012, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following, and that I also caused a copy of the foregoing to be served on the following via U.S. Mail first class, postage pre-paid:

Steven Thornton
WESTERBURG & THORNTON, P.C.
6060 N. Central Expressway, Ste. 690
Dallas, Texas 75206
*Attorney for Plaintiffs*

Erika M. Kane
Assistant Attorney General
Office of the Attorney General
P.O. Box 12548
Austin, Texas 78711-2548
*Attorney for Defendant*

/s/ *Jesse T. Moore*
Jesse T. Moore